UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:92-CR-00114-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| VAUGHN J. CURTIS | ) | |

This matter is before the court on defendant's *pro se* motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and for appointment of counsel. (DE ## 57, 58.)

In February 1993, after a jury trial, defendant was convicted of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 ("Count 1"); armed bank robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 2 and 2113 ("Count 2"); and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) ("Count 3"). In June 1993, at sentencing, the court grouped Counts 1 and 2 and determined that defendant's base offense level for those counts was 20 in accordance with U.S.S.G. § 2B3.1 (1992). (PSR ¶ 37.) Defendant's offense level was increased two points for taking the property of a financial institution pursuant to U.S.S.G. § 2B3.1(b)(1) (1992), and one point for the amount of loss pursuant to U.S.S.G. § 2B3.1(b)(6) (1992). (PSR ¶¶ 38, 44.) No other adjustments were made to the offense level, and accordingly, the court determined the total offense level was 23. (Id. ¶ 47.) With a criminal history category of III, defendant's guideline imprisonment range on Counts 1 and 2 was 57 to 71 months. (Id. ¶ 50.) Pursuant to U.S.S.G. § 2K2.4, the term of imprisonment on Count 3 was that required by the statute itself, that is, 18 U.S.C. § 924(c), or 20 years consecutive to any other term. (Id. ¶¶ 49, 50.) The court sentenced defendant to 57

months imprisonment on Counts 1 and 2, to run concurrently, and 240 months on Count 3, consecutive to the terms on Counts 1 and 2. Defendant appealed his conviction and sentence, and the Fourth Circuit Court of Appeals affirmed. United States v. Curtis, 14 F.3d 597 (4th Cir. 1994) (table) (per curiam).

At the outset, defendant's motion for appointment of counsel is DENIED because there is no right to counsel in a § 3582(c)(2) proceeding. United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000). Section 3582(c)(2) permits a court to modify an imposed term of imprisonment when the Sentencing Commission has subsequently lowered the defendant's applicable guideline range "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582. U.S.S.G. § 1B1.10 is the relevant policy statement providing guidance to the court when considering a motion under 18 U.S.C. § 3582(c)(2). Defendant seeks a reduction in his sentence by application of Amendment 599 to the sentencing guidelines. Specifically, he claims that by virtue of the Amendment, the total base offense level for Counts 1 and 2 is lowered three levels to remove the weapons enhancements. (See Mot., DE # 57, at 5.)

Amendment 599, which became effective in 2000, applies retroactively. See U.S.S.G. § 1B1.10(c). It amended an application note to U.S.S.G. § 2K2.4, which is the guideline applicable to violations of § 924(c), among other offenses. At the time of defendant's sentencing, the application note read, in relevant part, "Where a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of a firearm (e.g., § 2B3.1(b)(2)(A)-(F) (Robbery)), is not to be applied in respect to the guideline for the underlying offense." U.S.S.G.

§ 2K2.4 n.2 (1992).

Amendment 599 replaced that provision of the application note as follows:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). . . .

U.S.S.G. Appx. C, Amend. 599. The amendment clarified "under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses." Id. (Reason for Amendment).

Defendant's offense level was not increased based on any firearm-related enhancement. In fact, the PSR specifically recognized that

> [d]uring the offense, the defendant brandished a weapon. Pursuant to 2K2.4(b)(l),[1] where a sentence under this provision is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of a firearm is not to be applied in respect to the guideline for the underlying offense. Therefore, no adjustment is warranted.

(PSR ¶ 39.) As a result, no points were assigned for defendant's brandishing of the weapon. (Id.) As previously noted, defendant's offense level on Counts 1 and 2 was increased only based on the taking of property of a financial institution and the amount of loss, neither of which is a

---

[1] The PSR inadvertently cites to subsection (b)(1) of U.S.S.G. § 2K2.4, which pertains to fines. The language used in this paragraph of the PSR is taken directly from § 2K2.4 n.2 (1992).

3

weapon enhancement.

Because defendant did not receive any weapon enhancement in conjunction with the sentences for the underlying conspiracy and armed bank robbery offenses, Amendment 599 has no impact on defendant's applicable guideline range. See United States v. Payne, Nos. 04-CR-0021-003-CVE, 23195-009, 2010 WL 234818, at *2-3 (N.D. Okla. Jan. 14, 2010) (dismissing defendant's § 3582(c)(2) motion and recognizing that the enhancements the court applied under U.S.S.G. § 2B3.1(b)(4)(B), (6), and (7)(B) to defendant's base level for the offense underlying the § 924(c) conviction were not weapon enhancements). Under such circumstances, the court does not have the authority to reduce defendant's sentence.

The motion for a sentence reduction is DENIED.

This 9 January 2014.

                                        W. Earl Britt
                                        Senior U.S. District Judge