IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:92-CR-114-1BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| VAUGHN J. CURTIS | ) | |

This matter is before the court on defendant's motion for compassionate release. (DE # 120.)

In 1993, a jury convicted defendant of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 ("Count 1"); armed bank robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 2 and 2113 ("Count 2"); and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) ("Count 3"). The court sentenced defendant to a total term of imprisonment of 297 months. Also, the court sentenced defendant to a total term of five years supervised released, imposed a fine of $10,000, and ordered defendant to pay $10,774 in restitution.[1] Defendant appealed his conviction and sentence, and the Fourth Circuit Court of Appeals affirmed. United States v. Curtis, No. 93-5466, 1994 WL 14848 (4th Cir. Jan. 24, 1994) (per curiam).

---

[1] Prior to sentencing in this court, defendant pled guilty to armed bank robbery and violating § 924(c) in the Middle District of North Carolina. United States v. Curtis, No. 2:92-CR-00223-CCE. After sentencing here, that court sentenced him to 101 months imprisonment. According to defendant, based on information received from the Bureau of Prisons, he has completed the imprisonment term this court imposed, and he is now serving the imprisonment term imposed by the court in the Middle District of North Carolina. (Supp. Mot., DE # 121, at 1.) Even so, defendant maintains that this court may reduce his sentence of imprisonment to a term certain, and should it in fact do so, the Bureau of Prisons will recalculate his projected release date. (Id. at 2.) According to the government, defendant is serving an aggregate 398-month term of imprisonment. (Resp., DE # 123, at 3.) Nonetheless, it does not dispute that, assuming defendant otherwise satisfies the requirements of 18 U.S.C. § 3582(c)(1)(A), this court may reduce defendant's term of imprisonment.

In March 2020, defendant filed *pro se* a motion for compassionate release. (DE # 118.) Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for purposes of the motion. In August 2020, appointed counsel filed the instant motion as well as a supplemental motion, (DE # 121). The government filed a response in opposition, (DE # 123), to which defendant filed a reply, (DE # 125).

Defendant requests a reduction in his sentence of imprisonment to 141 months pursuant to 18 U.S.C. § 3582(c)(1)(A). That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The relevant policy statement is set forth in United States Sentencing Guideline § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)."[2] "Th[at]

---

[2] Technically, the policy statement, which was adopted prior to the First Step Act, applies only to motions filed by the Bureau of Prisons. See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019). "The Sentencing Commission has not amended or updated the old policy statement since the First Step Act was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants. While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." Id. at *6-7 (citation and footnote omitted).

policy statement . . . requires: (1) extraordinary or compelling reasons to warrant a reduction in a defendant's sentence, (2) that the defendant is not a danger to the safety of others or the community, and (3) that release from custody complies with § 3553(a) factors." United States v. Lake, No. CR 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)); see also United States v. Kibble, Criminal No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020).

Under the policy statement, extraordinary and compelling reasons justifying a sentence reduction exist based on any of following circumstances:

> (A) Medical Condition of the Defendant.—
>   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>   (ii) The defendant is—
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances.
>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B.13, cmt. n.1.

Even if a defendant establishes extraordinary and compelling reasons to support a sentence reduction, the court must still consider the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

At the outset, the government argues defendant's motion should be denied because he has failed to exhaust his administrative remedies. (Resp., DE # 123, at 16-17.) According to the government, the Bureau of Prisons ("BOP") has no record of defendant filing a request for compassionate release through its Administrative Remedy Program. (Kelley Aff., DE # 123-1, at 2.) In response, defendant submits the copies of his 1 February 2020 letter to the Warden requesting consideration for a reduction in his sentence and of subsequent email correspondence between the Warden and himself regarding the request. (Reply, DE # 125, at 3 (citing Mot., Exs. 1, 2, DE ## 120-1, 120-2; see also Mot., DE # 118, at 1.) The court concludes that defendant has demonstrated that he made a request of the Warden pursuant to § 3582(c)(1)(A)(i) and more than 30 days lapsed since that time, without his receiving a written denial. Therefore, he has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

Turning to the merits, defendant contends the changes in § 924(c) sentences under the First Step Act of 2018 ("First Step Act"), combined with the threat COVID-19 poses to his health while incarcerated, constitute extraordinary and compelling reasons to modify his sentence. (Mot., DE # 120, at 7-8.) The government argues defendant's sentence should not be

4

reduced because he has not demonstrated any extraordinary or compelling reason to justify a reduction. (Resp., DE # 123, at 1.) Also, the government urges the court to deny the motion considering the § 3553(a) factors and the danger defendant would pose to the community. (Id.)

First, the court examines defendant's sentence of imprisonment. On Counts 1 and 2, defendant's guideline imprisonment range was 57 to 71 months. (PSR ¶ 50.) The court sentenced defendant at the bottom of the range on those counts. For Count 3, because defendant had previously pled guilty to a § 924(c) violation, see supra note 1, the court was required to sentence defendant to a 20-year consecutive term of imprisonment. See 18 U.S.C. § 924(c)(1) (1990) ("In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years . . . . [T]he term of imprisonment imposed under this subsection [shall not] run concurrently with any other term of imprisonment . . . ."); Curtis, 1994 WL 14848, at *1 (holding this court properly applied the § 924(c) enhancement because defendant "has been found guilty, on two separate occasions, of using a firearm in relation to the commission of a felony" (citations omitted)). (See also PSR ¶¶ 49, 50.)

"The First Step Act amended 18 U.S.C. § 924(c)(1)(C) such that the enhanced mandatory minimum penalty for a second or any subsequent § 924(c) conviction, . . . applies only when an offender's first conviction under § 924(c) was 'final' when the subsequent violation was committed." United States v. Redd, 444 F. Supp. 3d 717, 720 (E.D. Va. 2020) (citing First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22) (footnote omitted). If this law had been in effect when defendant committed the offense in Count 3, defendant's mandatory consecutive term of imprisonment would have been seven years because his prior § 924(c) conviction was not final. See 18 U.S.C. § 924(c)(1)(A)(ii) (2018) (providing a penalty of seven

5

Case 5:92-cr-00114-BR   Document 136   Filed 11/19/20   Page 5 of 7

years imprisonment if the firearm is brandished). (See also PSR ¶ 10 (stating that defendant brandished a weapon inside the bank).)

The Act did not make this change in the law retroactive. See First Step Act of 2018, § 403(b), 132 Stat. at 5222. It did, however, amend the statute under which defendant seeks relief, § 3582(c)(1)(A), to permit a defendant to bring a motion for a sentence reduction directly, rather than vesting that authority exclusively with the BOP. See id., § 603(b)(1), 132 Stat. at 5239. Numerous district courts have found the First Step Act's change in § 924(c) sentencing, despite the fact Congress did not make it retroactive, constitutes an extraordinary and compelling reason justifying a reduction in a defendant's sentence under § 3582(c)(1)(A). See, e.g., United States v. Arey, 461 F. Supp. 3d 343, 349-50 & n.8 (W.D. Va. 2020) (collecting cases); but see, e.g., United States v. Gashe, No. CR07-4033-LTS, 2020 WL 6276140, at *2 (N.D. Iowa Oct. 26, 2020) (collecting cases). The court follows those decisions under the circumstances here, where defendant is serving a sentence 13 years longer than would a person convicted today for the same offense. This sentencing disparity constitutes an extraordinary and compelling reason to warrant reducing defendant's sentence.[3]

Next, the court considers the relevant § 3553(a) factors and the potential danger defendant would pose to the community. Defendant has been incarcerated 28 years. With good time credit, he is projected to be released in less than one year. (See Mot., Ex 3, DE # 120-2, at

---

[3] Defendant has an increased risk of contracting COVID-19 given his incarceration. See Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/faq html (go to People Who are Incarcerated at Correctional and Detention Facilities, select Do I have a greater chance of getting COVID-19? ("People in correctional and detention facilities are at greater risk for some illnesses, such as COVID-19, because of close living arrangements with other people.") (last visited Nov. 18, 2020). Also, his age (51 years old) increases his risk of severe illness from COVID-19. See id., https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults html ("As you get older, your risk for severe illness from COVID-19 increases. For example, people in their 50s are at higher risk for severe illness than people in their 40s.") (last visited Nov. 18, 2020). These facts arguably bolster the conclusion that extraordinary and compelling reasons exist to warrant reducing his sentence.

1.) His security classification is low. (Id.) While incarcerated, defendant has sustained six disciplinary infractions (low or moderate severity), the last of which occurred more than five years ago. (Id. at 2.) He has taken numerous educational courses, maintained employment, and obtained his GED. (Id. at 1-2.) He is making payments towards his financial obligations. (Id. at 3.) To be sure, the instant offenses are serious. However, given defendant's age, conduct during incarceration, and the significant length of time since his offenses, the court finds it unlikely defendant will be a danger to the community. Considering all the circumstances, reducing defendant's sentence of imprisonment to 141 months still provides just punishment and reflects the seriousness of the offenses he committed.

Defendant's motion for compassionate release and supplemental motions are ALLOWED. Defendant's *pro se* motion for compassionate release is DENIED as moot. For purposes of the record, the Clerk is DIRECTED to file under seal on the docket defendant's presentence report.

Defendant's sentence of imprisonment as reflected in the judgment dated 7 June 1993 is REDUCED to 84 months on Count 3, for a total term of 141 months. All other provisions of the 7 June 1993 judgment shall remain in effect. The BOP may delay defendant's release up to 14 days for quarantine and/or administrative reasons.

This 19 November 2020.

_____
W. Earl Britt
Senior U.S. District Judge